Lee Mickus
Andrew C. Orr
TAYLOR ANDERSON LLP
1670 Broadway, Suite 900
Denver, Colorado 80202
Telephone: (303) 551-6660
lmickus@talawfirm.com
aorr@talawfirm.com

Dale M. Cendali (application for admission forthcoming)
Shanti Sadtler Conway (application for admission forthcoming)
Tom Loy (application for admission forthcoming)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
shanti.conway@kirkland.com
tom.loy@kirkland.com

*Attorneys for Plaintiffs Ping Identity Holding*
*Corp. and Ping Identity Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| PING IDENTITY HOLDING CORP. and PING IDENTITY CORPORATION, | Civil Action No._____ |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| PING, INC. and KARSTEN MANUFACTURING CORPORATION | |
| Defendants. | |

## <u>COMPLAINT</u>

Plaintiffs Ping Identity Holding Corp. and Ping Identity Corporation (collectively and individually, "Ping Identity"), by their attorneys Taylor Anderson LLP and Kirkland & Ellis LLP, for their Complaint against Defendants Ping, Inc. and Karsten Manufacturing Corporation (collectively and individually, "Karsten"), allege as follows.

## NATURE OF THE ACTION

1.      Ping Identity brings this action in response to allegations by Karsten that Ping Identity's selection of PING as its stock ticker symbol (the "PING Stock Ticker Symbol") in connection with its initial public offering of shares is likely to cause confusion with Karsten's use of its PING trademarks.

2.      Since as early as 2002, Ping Identity has been using PING IDENTITY, as well as various other PING-formative trademarks, in connection with providing digital security and identity verification services to businesses.  Ping Identity first began filing trademark applications for its PING-formative marks in 2004, and currently owns nine federal trademark registrations and various other pending applications for such marks, including PING IDENTITY, PINGID, PING INTELLIGENT IDENTITY, PINGACCESS, PINGCLOUD PRIVATE TENANT, PINGDATAGOVERNANCE, PINGDIRECTORY, PINGFEDERATE, PINGINTELLIGENCE, and PINGONE.  Ping Identity also has occasionally referred to itself using the shorthand name "Ping" on its website and in other materials, in proximity to its full name, "Ping Identity."  In late 2018, the press reported that Ping Identity was exploring a public listing.  In connection therewith, Ping Identity registered the PING Stock Ticker Symbol and publicly announced its plan on August 23, 2019 to list its common stock under that symbol and the name Ping Identity Holding Corp.

3.      Karsten is a private company that provides golf-related goods and services to consumers, such as golf clubs and bags.  Karsten and Ping Identity's respective PING-formative marks in connection with entirely unrelated goods and services have coexisted without confusion since at least as early as 2002.  Karsten has never opposed the registration of any of Ping Identity's U.S. trademark applications, nor otherwise taken issue with Ping Identity's trademarks. On September 10, 2019, Karsten's counsel sent Ping Identity a cease-and-desist letter claiming that Ping Identity's use of the PING Stock Ticker Symbol is likely to cause consumer confusion, and constitutes trademark infringement and unfair competition.  Karsten demanded that Ping Identity select a different stock ticker symbol.  Karsten has not taken issue with Ping Identity's long-standing use and registration of its name or other PING-formative marks, but rather has only complained about the PING Stock Ticker Symbol.

4.      As discussed further below, the PING Stock Ticker Symbol is not likely to cause consumer confusion with Karsten because, among other things, Karsten is not publicly traded, the parties offer very different goods and services, stock ticker symbols commonly appear not in isolation but rather along with the company's name, the parties' respective marks and logos are depicted very differently, Ping Identity's consumers and potential investors are sophisticated, investors do not make investment decisions based on stock ticker symbols, and the parties' respective marks have already coexisted in the marketplace without confusion for over 15 years. Accordingly, Ping Identity seeks an order from this Court declaring that its use of the PING Stock Ticker Symbol does not infringe any of Karsten's claimed trademark rights in the trademark PING.

## THE PARTIES

5.      Plaintiffs Ping Identity Holding Corp. and Ping Identity Corporation both are corporations of the State of Delaware with their primary place of business at 1001 17th Street, Denver, Colorado 80202.

6.      Upon information and belief, Ping, Inc. is a corporation of the State of Arizona with its primary place of business at 2201 West Desert Cove Ave., Phoenix, Arizona 85029-4912.

7.      Upon information and belief, Karsten Manufacturing Corporation is an affiliate of Ping, Inc. and is a corporation of the State of Arizona with its primary place of business at 2201 West Desert Cove Ave., Phoenix, Arizona 85029.

## JURISDICTION AND VENUE

8.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, 15 U.S.C. § 1051 et seq.

9.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202 because there is a substantial and concrete controversy between the parties of sufficient immediacy that warrants a declaratory judgment.  This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1119, in that this matter involves an action arising under the Lanham Act.

10.     This Court has personal jurisdiction and venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).  The Court has jurisdiction over Karsten because this dispute arises directly out of Karsten's contact with Colorado.  In particular, Karsten sent a cease and desist letter to Ping Identity, a Colorado company, seeking to enforce its claimed PING trademarks

against Ping Identity's use of the PING Stock Ticker Symbol, and this action seeks a declaration regarding such use.  The Court also has jurisdiction over Karsten because it has purposefully availed itself of the privilege of conducting business in Colorado.  Upon information and belief, Karsten markets and sells its PING-branded products in Colorado and asserts rights to its PING trademarks in Colorado, including in connection with this dispute.  Further, upon information and belief, Karsten is registered with the Colorado Secretary of State.  Moreover, Ping Identity is based in Colorado, plans to use the PING Stock Ticker Symbol in Colorado, and would be harmed in Colorado if Karsten were allowed to enforce its alleged rights against Ping Identity.

## **FACTUAL BACKGROUND**

### **Ping Identity's Long Use of PING-Formative Marks**
### **for Business-to-Business Digital Security and Identity Verification Services**

11.    Since as early as 2002, Ping Identity has used the trademark and name PING IDENTITY in connection with digital security and identity verification services.  Specifically, Ping Identity offers software and consulting services to businesses in the financial services, healthcare, public sector, manufacturing, and retail industries.  Below is a screenshot of Ping Identity's website, showing how it uses its logo,  .



12.     Ping Identity filed trademark applications with the U.S. Patent and Trademark Office ("PTO") for its PING IDENTITY name and logos starting in 2004, and currently owns U.S. Registration Nos. 3127602, 4417517, and 5043691 for those marks.

13.     Over the years, Ping Identity also has adopted and used various other PING-formative trademarks for its digital security and identity verification services.  For instance, Ping Identity uses and owns federal registrations for PINGID (Reg. No. 4976216), PINGACCESS (Reg. No. 4516137), PINGONE (Reg. Nos. 4313616, 4151402, 4151401), and PINGFEDERATE (Reg. No. 3017959).  Ping Identity also owns pending federal applications for PINGDIRECTORY (Ser. No. 87890296), PINGINTELLIGENCE (Ser. No. 88076420), PING INTELLIGENT IDENTITY (Ser. No. 88460848), PINGCLOUD PRIVATE TENANT (Ser. No. 88382055), and PINGDATAGOVERNANCE (Ser. No. 87890307).  Moreover, Ping Identity has

previously used and owned federal registrations for other PING-formative marks for its services,

such as PINGCONNECT, PINGENABLE, PINGLOGIN, and PINGTRUST.  Below are

examples of Ping Identity's use of some of its PING-formative marks.



\*\*\*



\*\*\*



\*\*\*



***



14.     While PING IDENTITY is and at all times has been Ping Identity's name and trademark, for many years it has occasionally referred to itself in text as "Ping" as a shorthand, in proximity to the PING IDENTITY mark.  For instance, on the "Our Company" page of its

website, under the PING IDENTITY logo, the company uses the heading "MEET PING" and

refers to itself as "Ping" in the text, as seen in the below screenshot.







**<u>Karsten's PING Marks for Golf Products and Services for Consumers</u>**

15.     Upon information and belief, Karsten manufactures and sells golf products and services to consumers, such as golf clubs and bags, under the mark PING.  Upon information and belief, the company was founded by Karsten Solheim after he began making putters in his garage.  Upon information and belief, Karsten's PING mark derived from the "ping" sound that Mr. Solheim's first golf product, a metal putter he named the "Ping," made when it hit the ball.

16.     Upon information and belief, Karsten is a privately held company and has not announced any plans to offer stock shares to the public.

17.     Karsten uses the logo **PING**, and uses PING in all capital letters, in connection with its golf products and services, as seen in the below screenshot from its website.



18.     Upon information and belief, Karsten has regularly monitored the federal register for trademarks and applications filed by third parties including the term PING, and over the years has been aware of Ping Identity's various PING-formative applications and registrations. Karsten has not, however, opposed any of Ping Identity's U.S. trademark applications, nor has it taken issue with Ping Identity's trademark use or use of "Ping" as a shorthand for its company name. Moreover, the PTO has never cited any marks owned by Karsten as potentially presenting a likelihood of confusion with Ping Identity's trademark applications. Upon information and belief, the PTO and Karsten also have allowed various third-party applications for, or that include, the term PING to proceed to registration.

### Karsten's Demands

19.     On December 11, 2018, the press reported that investment banks had been hired to prepare Ping Identity for an initial public offering.

20.     On August 23, 2019, Ping Identity publicly filed its Form S-1 with the U.S. Securities and Exchange Commission, and therein announced its planned initial public offering of shares of common stock. In that public filing, Ping Identity stated that it had applied to list its common stock under the ticker symbol "PING."

21.     On September 9, 2019, Ping Identity filed an updated Form S-1 stating that its common stock had been approved for listing on the New York Stock Exchange under the ticker symbol "PING."

22.     On September 10, 2019, Karsten sent Ping Identity a cease-and-desist letter, asserting that Ping Identity's selection and planned use of the PING Stock Ticker Symbol is likely to cause confusion, mistake and deception, and thus infringes Karsten's PING trademarks.

Karsten demanded that Ping Identity "immediately take all steps necessary to revise and change its proposed use of PING® as a stock ticker symbol to a different, non-identical, and non-confusing, symbol which will not cause confusion, mistake, or deception, in the marketplace."

23.    Karsten did not take issue with Ping Identity's name, trademarks, or marketing materials, nor did it demand any changes thereto.

### There Is An Actual Controversy Between The Parties

24.    The parties offer inherently different goods and services, to different consumer groups.  Ping Identity offers digital security and identity verification services to businesses in the financial services, healthcare, public sector, manufacturing, and retail industries.  In stark contrast, on information and belief, Karsten offers golf products and services, such as golf clubs and bags, to individual consumers.  The parties and their respective marks have coexisted for over 15 years without consumer confusion.  While Karsten's September 10, 2019 letter asserted that there have been instances of actual confusion as a result of the PING Stock Ticker Symbol, the letter did not specifically identify the supposed instances or attach any evidence thereof and Ping Identity is not aware of any such instances.

25.    Further, consumers are unlikely to be confused into believing that there is a relationship or connection between Ping Identity and Karsten as a result of the PING Stock Ticker Symbol.  Stock ticker symbols refer to a company's name or goods or services, but upon information and belief are rarely the exact or full name of a company.  Stock ticker symbols do not appear in a vacuum, but rather generally appear with the full company name (so the company can readily be identified).  For instance, below is an example of how stock tickers, along with their related company names, appear on the New York Stock Exchange's online listings

directory.

| Symbol ▲ | Name |
|----------|------|
| PNF | PIMCO NEW YORK MUNICIPAL INC FUND |
| PNFP | PINNACLE FINANCIAL PARTNERS |
| PNI | PIMCO NEW YORK MUNICIPAL FUND II |
| PNM | PNM RESOURCES INC |
| PNNT | PENNANTPARK INVESTMENT CORPORATION |
| PNR | PENTAIR PLC |
| PNRG | PRIMEENERGY RESOURCES CORPORATION |
| PNRL | PARINGA RESOURCES LTD SPON ADS EACH REP 50 ORD SHS |
| PNTR | POINTER TELOCATION LTD |
| PNW | PINNACLE WEST CAPITAL CORP |

     26.    News outlets also commonly show not only stock tickers, but also the related

company names, so consumers know what company's publicly traded stock is being referenced.

Below are examples from CNN, MSN, *The Wall Street Journal*, Yahoo, and CNBC, respectively.



***



***

|  | VOLUME | LAST | CHG | % CHG |
|---|---|---|---|---|
| Francesca's Holdings Corp. (FRAN) | 6.1M | 18.14 | 4.02 | 28.47 |
| SpringWorks Therapeutics Inc. (SWTX) | 4.1M | 22.63 | 4.63 | 25.72 |
| Vince Holding Corp. (VNCE) | 283.5K | 14.28 | 2.79 | 24.28 |
| OpGen Inc. (OPGN) | 601.3K | 8.00 | 1.41 | 21.40 |
| General Finance Corp. (GFN) | 97.8K | 9.07 | 1.57 | 20.93 |

\*\*\*

Trending Tickers ∨

| Symbol | Name | Last Price | Market Time | Change | % Change | Volume | Avg Vol (3 month) | Market Cap | Intraday High/Low | | 52 Week Range | | Day Cha |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GM | General Motors Company | 38.86 | 4:00PM EDT | -0.21 | -0.54% | 8.667M | 7.444M | 55.482B | 38.79 | 39.58 | 30.56 | 41.90 | |
| CLV19.NYM | Crude Oil Oct 19 | 54.82 | 4:59PM EDT | -0.27 | -0.49% | 563.398 | 98.232M | - | 54.44 | 55.60 | 0.00 | 74.04 | |
| XOM | Exxon Mobil Corporation | 72.64 | 4:04PM EDT | +0.66 | +0.92% | 6.979M | 10.744M | 307.348B | 72.06 | 72.72 | 64.65 | 87.36 | |
| CL=F | Crude Oil | 54.82 | 4:59PM EDT | -0.27 | -0.49% | 563.398 | 250.534M | - | 54.44 | 55.60 | 52.94 | 58.76 | |
| BP | BP p.l.c. | 37.87 | 4:00PM EDT | +0.20 | +0.53% | 4.043M | 6.883M | 127.235B | 37.72 | 37.98 | 35.73 | 47.16 | |
| CHK | Chesapeake Energy Corporation | 1.7800 | 4:00PM EDT | -0.0100 | -0.56% | 48.032M | 51.519M | 3.356B | 1.74 | 1.87 | 1.28 | 4.98 | |
| USO | United States Oil Fund, LP | 11.44 | 3:59PM EDT | -0.03 | -0.22% | 14.074M | 29.217M | 1.363B | 11.36 | 11.63 | 9.23 | 16.24 | |
| GCZ19.CMX | Gold Dec 19 | 1,495.70 | 4:59PM EDT | -11.70 | -0.78% | 357,274 | 97.985M | - | 1,483.10 | 1,516.80 | 0.00 | 1,566.20 | |
| MPLX | MPLX LP | 29.03 | 4:01PM EDT | +0.42 | +1.47% | 2.884M | 2.523M | 30.69B | 28.77 | 29.25 | 25.85 | 36.27 | |
| COP | ConocoPhillips | 57.34 | 4:00PM EDT | +0.99 | +1.76% | 7.214M | 6.139M | 63.655B | 56.87 | 57.70 | 50.13 | 80.24 | |
| UWT | VelocityShares 3x Long Crude Oil ETNs linked to the S&P GSCI Crude Oil Index ER New | 11.40 | 4:00PM EDT | -0.11 | -0.96% | 10.63M | 13.279M | 1.225B | 11.23 | 11.86 | 7.93 | 50.75 | |
| CVX | Chevron Corporation | 121.50 | 4:04PM EDT | +0.08 | +0.07% | 4.73M | 5.435M | 230.658B | 121.24 | 122.32 | 100.22 | 127.60 | |
| GUSH | Direxion Daily S&P Oil & Gas Exp. & Prod. Bull 3X Shares | 3.9900 | 4:00PM EDT | +0.1100 | +2.84% | 13.355M | 12.435M | - | 3.82 | 4.18 | 2.72 | 43.77 | |
| AMRN | Amarin Corporation plc | 16.71 | 4:00PM EDT | -0.04 | -0.24% | 5.191M | 9.213M | 5.969B | 16.47 | 16.98 | 2.65 | 23.91 | |

\*\*\*

16

## US MARKETS | DOW 30

STOCKS | DOW 30 | NASDAQ 100 | SECTORS

| Symbol ▼ | Name ▼ | Price ▼ | | Change ▼ | %Change ▼ | Low ▼ | High ▼ | Previous Close ▼ |
|---|---|---|---|---|---|---|---|---|
| AXP | American Express Co | 119.20 | ▲ | 0.18 | 0.15% | 118.29 | 119.97 | 119.02 |
| AAPL | Apple Inc | 218.75 | ▼ | -4.335 | -1.94% | 217.02 | 220.79 | 223.085 |
| BA | Boeing Co | 379.76 | ▲ | 4.13 | 1.10% | 377.05 | 381.75 | 375.63 |
| CAT | Caterpillar Inc | 133.78 | ▲ | 2.03 | 1.54% | 131.13 | 133.99 | 131.75 |
| CSCO | Cisco Systems Inc | 50.03 | ▲ | 0.10 | 0.20% | 49.76 | 50.22 | 49.93 |
| CVX | Chevron Corp | 121.50 | ▲ | 0.08 | 0.07% | 121.24 | 122.32 | 121.42 |
| XOM | Exxon Mobil Corp | 72.64 | ▲ | 0.66 | 0.92% | 72.06 | 72.72 | 71.98 |
| GS | Goldman Sachs Group Inc | 219.90 | ▲ | 1.16 | 0.53% | 219.1988 | 221.50 | 218.74 |
| HD | Home Depot Inc | 233.98 | ▲ | 0.18 | 0.08% | 232.33 | 234.97 | 233.8 |
| IBM | International Business Machines Corp | 143.67 | ▲ | 0.05 | 0.03% | 143.26 | 144.65 | 143.62 |
| INTC | Intel Corp | 52.54 | ▼ | -0.47 | -0.89% | 52.2349 | 53.00 | 53.01 |
| JNJ | Johnson & Johnson | 130.78 | ▲ | 0.35 | 0.27% | 129.96 | 131.57 | 130.43 |
| KO | Coca-Cola Co | 54.26 | ▼ | -0.45 | -0.82% | 54.07 | 54.79 | 54.71 |
| JPM | JPMorgan Chase & Co | 120.23 | ▲ | 2.32 | 1.97% | 118.75 | 120.40 | 117.91 |
| MCD | McDonald's Corp | 209.81 | ▼ | -2.34 | -1.10% | 208.95 | 212.7786 | 212.15 |
| MMM | 3M Co | 171.44 | ▲ | 0.86 | 0.50% | 169.86 | 172.48 | 170.58 |

27.     Moreover, Karsten is a private company, is not publicly traded on any exchange, and has not announced plans to offer stock shares publicly.  As a result of these various factors, among others, the PING Stock Ticker Symbol is unlikely to cause confusion.

28.     Nevertheless, Karsten's September 10, 2019 cease-and-desist letter has given rise to uncertainty and controversy with respect to Ping Identity's ability to list its stock under the PING Stock Ticker Symbol.  Ping Identity seeks to resolve this dispute as promptly as possible

so it can continue with its initial public offering and listing its stock under the PING Stock Ticker

Symbol.

29.     To resolve the legal and factual questions raised by Karsten and to afford relief

from the uncertainty and controversy caused by Karsten's actions, Ping Identity is entitled to a

declaratory judgment that use of the PING Stock Ticker Symbol does not infringe on any

trademark rights Karsten might own.

30.     Karsten's assertion that Ping Identity's use of the PING Stock Ticker Symbol is an

infringement of Karsten's trademark rights adversely affects Ping Identity, and unless resolved by

the Court the uncertainty and controversy will continue to harm Ping Identity.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment of No Infringement**
**(28 U.S.C. §§ 2201 and 2202, and 15 U.S.C. § 1051 et seq.)**

31.     Ping Identity incorporates the allegations of Paragraphs 1–30 as if set forth fully

herein.

32.     The parties' respective goods and services are totally unrelated.  In particular, Ping

Identity offers digital security and identity verification services to businesses in the financial

services, healthcare, public sector, manufacturing, and retail industries.  In stark contrast, on

information and belief, Karsten offers golf products and services, such as golf clubs and bags, to

individual consumers.

33.     In addition, whereas Ping Identity uses the name and trademark "Ping Identity,"

presents "Ping" with a capital P but otherwise in lower case letters, and uses the logo ,

Karsten uses the mark PING, presents that term in all capital letters, and uses the logo

**PING**, which uses a different color, font, and design.

34.     Ping Identity's business consumers and potential investors in its stock are likely to be highly sophisticated.  Businesses naturally take great care in selecting digital security and identification verification services and do extensive diligence before engaging such a firm.  Upon information and belief, investors in publicly traded stock also are sophisticated and commonly research companies before investing in them.  Upon information and belief, investors do not select companies to invest in based on their stock ticker symbols.

35.     In light of the foregoing, among other factors, consumers are unlikely to mistakenly believe that there is a connection, affiliation, or relationship between Ping Identity and Karsten as a result of the PING Stock Ticker Symbol.

36.     Because Karsten has asserted that the PING Stock Ticker Symbol infringes Karsten's trademark rights, notwithstanding the fact that Karsten cannot show the existence of a likelihood of confusion on the part of relevant consumers, Ping Identity is entitled to a declaratory judgment of non-infringement as to its PING Stock Ticker Symbol.

<u>**REQUESTED RELIEF**</u>

WHEREFORE, Ping Identity prays for relief against Karsten and respectfully requests that the Court:

A.     Declare that Ping Identity's use of the PING Stock Ticker Symbol does not infringe any trademark or other rights held by Karsten;

B.     Award to Ping Identity its reasonable attorneys' fees, expenses and costs in this action; and

C.      Award to Ping Identity such other and further relief as the Court deems just and

equitable.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Ping Identity demands trial

by jury in this action of all issues triable by jury in this matter.

Dated: September 18, 2019                    Respectfully submitted,

*/s/ Lee Mickus*
Lee Mickus
Andrew C. Orr
TAYLOR ANDERSON LLP
1670 Broadway, Suite 900
Denver, Colorado 80202
Telephone: (303) 551-6660
lmickus@talawfirm.com
aorr@talawfirm.com

Dale M. Cendali (application for admission
forthcoming)
Shanti Sadtler Conway (application for admission
forthcoming)
Tom Loy (application for admission forthcoming)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Fax: (212) 446-6460
dale.cendali@kirkland.com
shanti.conway@kirkland.com
tom.loy@kirkland.com

*Attorneys for Plaintiffs Ping Identity Holding*
*Corp. and Ping Identity Corporation*